UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DEVON J. HYPES,

    Plaintiff,

        v.                      CAUSE NO. 1:25-CV-44-HAB-APR

NURSE MARANDA,

    Defendant.

OPINION AND ORDER

Devon J. Hypes, a prisoner without a lawyer, filed a complaint raising numerous issues about his time at the Dekalb County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hypes names three defendants, but only one is a suable entity. The Dekalb County Jail is a building and the Medical Department is a subdivision of the Dekalb County Sheriff's Department. Neither are suable. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The Dekalb County Jail and the Medical Department will be dismissed.

The third defendant is a person named Nurse Maranda. Hypes describes many things which happened while he was in the jail, but only his medical issues are alleged to have been caused by Nurse Maranda. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Nurse Maranda is not alleged to have caused or participated in non-medical events at the jail, those other claims will be dismissed.

Hypes alleges Nurse Maranda discontinued and altered his medications. He alleges he needed Valacyclovir, steroid cream, Afib medication, aspirin, Effexor, Prilosec, Hydroxyzine, and Adderall.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (cleaned up). It is possible Nurse Maranda's actions were objectively reasonable, but as presented in the complaint, Hype's allegations state a claim.

For these reasons, the court:

(1) GRANTS Devon J. Hypes leave to proceed against Nurse Maranda in her individual capacity for compensatory and punitive damages for

2

discontinuing and altering his medications while he was in the Dekalb County Jail in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES DeKalb County Jail and Medical Department;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Maranda at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Maranda to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 29, 2025.

       s/ *Holly A. Brady*
       CHIEF JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT